IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVIS WHATLEY, #239837,           ) | |
|                                                       ) | |
| Petitioner,              ) | |
|                                                       ) | |
| v.                                                 ) | CASE NO. 3:11-CV-524-TMH |
|                                                       ) | [WO] |
|                                                       ) | |
| CARTER F. DAVENPORT, et al.,  ) | |
|                                                       ) | |
| Respondents.         ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Travis Whatley ["Whatley"], a state inmate, on June 29, 2011.¹ In this petition and amendment, Whatley challenges a murder conviction imposed upon him pursuant to his guilty plea by the Circuit Court of Lee County, Alabama on February 11, 2005.² On this

---

¹ Although the Clerk stamped the petition "received" on June 30, 2011, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). The petition indicates that Whatley submitted the document for mailing on June 29, 2011. *Petition for Writ of Habeas Corpus Relief - Court Doc. No. 1* at 11. For purposes of the proceedings herein, the court considers June 29, 2011 as the date of filing for the instant cause of action.

² On April 11, 2003, a duly impaneled Grand Jury of Lee County, consisting of eighteen persons, issued an indictment charging "that ... Travis Ortez Whatley, alias Travis Whatley, whose true christian name is otherwise unknown to the Grand Jury, did intentionally cause the death of another person, John William White, by shooting him with a pistol, in violation of § 13A-6-2 of the Code of Alabama. *Petitioner's Exhibit B - Doc. No. 1-2* at 1; *Respondents' Exhibit A - Doc. No. 11-1* at 40. On February 11, 2005, the District Attorney proposed a Plea Recommendation that if Whatley entered a plea of guilty he should receive a sentence of 25 years imprisonment. *Petitioner's Exhibit D - Doc. No. 1-4*; *Respondents' Exhibit A - Doc. No. 11-1* at 59. Whatley agreed to the terms of this recommendation and pled guilty to the offense as charged in the indictment. *Respondents' Exhibit A - Doc. No. 11-1* at 5, 57.

same date, the trial court sentenced Whatley to twenty-five years' imprisonment. Whatley did not file a direct appeal of this conviction and it therefore became final by operation of law on March 25, 2005.

Pursuant to the orders of this court, the respondents filed answers in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Whatley's murder conviction became final on March 25, 2005 -- after the effective date of the statute of limitations -- Whatley must have filed his § 2254 petition within a year of this conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The respondents acknowledge that on December 6, 2005, Whatley filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period from the inception of this petition until finality of the appellate court's judgment on December 20, 2006 - upon issuance of the certificate of judgment affirming the trial court's denial of the Rule 32 petition. The respondents maintain that even allowing tolling of the federal limitation period during the pendency of Whatley's initial Rule 32 petition, the limitation period expired prior to Whatley's filing the present federal habeas petition. *Respondents' Answer - Doc. No. 11* at 9; *Tinker v. Moore*, 255 F.3d 1331, 1335

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

2

n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending in the state courts). The record indicates that Whatley filed a second state post-conviction petition in the Circuit Court of Lee County, Alabama in December of 2010. *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 8 ("Whatley filed his second Rule 32 petition in December of 2010...."). The respondents, however, argue that this state petition did not toll the one-year period of limitation because it was filed after expiration of the federal limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period. *Respondents' Answer - Doc. No. 11* at 9; *Alexander v. Secretary, Dept. of Corrections*, 523 F.3d 1291, 1294 (11th Cir. 2008); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d at 1381 ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In

other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."). Thus, the respondents maintain "the [current habeas] petition is due to be dismissed as untimely because it was filed after expiration of the one-year limitation period." *Respondents' Answer - Doc. No. 11* at 9.

The record establishes that Whatley filed the instant federal habeas petition over four years after expiration of § 2254's one-year period of limitation. Based on the foregoing, the court entered orders advising Whatley that he failed to file the present petition within the one-year limitation period set forth in 28 U.S.C. § 2241(d)(1). *Order of August 29, 2011 - Doc. No. 14*; *Order of July 3, 2012 - Doc. No. 28*. These orders also provided Whatley opportunities to show cause why this habeas petition should not be barred from review as untimely filed. In his responses, Whatley concedes he failed to file the petition within the one-year period of limitation but argues that this court should address the merits of his claims because he is factually and actually innocent of the murder for which he was convicted. *Petitioner's Response - Doc. No. 20* at 6; *Petitioner's Supplemental Response - Doc. No. 29* at 2-3; *Petitioner's Second Supplemental Response - Doc. No. 30* at 1. Whatley also appears to argue that this court should permit equitable tolling of the limitation period because he received ineffective assistance of counsel during the proceedings before the trial court which resulted in his conviction. Finally, Whatley maintains that the time bar should be excused under "the saving clause of 28 U.S.C. § 2254

the portal of § 2241." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 1; *Amendment to Petition - Doc. No. 15* at 1.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Whatley failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. Actual Innocence - Gateway to Excuse Time Bar

Whatley maintains that the court should ignore the untimeliness of his habeas petition because he is actually innocent of the offense to which he pled guilty. Specifically, Whatley asserts that he "did not do it" as he "didn't even go in the house" where the murder occurred. *Petitioner's Response - Doc. No. 20* at 3. Whatley further alleges that the key witness for the prosecution "lied [to protect her boyfriend] to make it appear that Travis Whatley[] was the one [who] committed the crime." *Petitioner's Second Supplemental Response - Doc. No. 30* at 1.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [to obtain federal review of a habeas petition filed] after expiration of the statute of limitations.... [T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not

5

meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror [or the judge accepting his plea], acting reasonably would have [found] him guilty beyond a reasonable doubt.' [*Schlup v. Delo*, 513 U.S. 298, 339 (1995)]; [*House v. Bell*, 547 U.S. 518, 538 (2006)] (emphasizing that the *Schlup* standard is 'demanding' and seldom met). And in making an assessment of the kind *Schlup* envisioned, 'the timing of the [petition]' is a [relevant] factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence. *Schlup*, 513 U.S. at 332, 115 S.Ct. [at] 851.... [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a petitioner's part ... as a factor in determining whether actual innocence has been shown." *McQuiggin v. Perkins*, __ U.S. __, at __, 133 S.Ct. 1924, 1928 (2013).

The actual innocence exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064,

2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted [and/or time barred] claims." 547 U.S. at 537, 126 S.Ct. at 2077. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with **new reliable evidence** -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324 (emphasis added).

The arguments presented by Whatley do not constitute "new reliable evidence" of his actual innocence, nor has Whatley demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions

of 28 U.S.C. § 2244(d)(1)(A).[4]

## B. The Federal Period of Limitation[5]

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on

---

[4] In addition, any independent claim of actual innocence likewise provides no basis for relief in this cause of action. *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

[5] To the extent Whatley seeks review of his claims under § 2241, his petition remains subject to § 2254's one-year period of limitation. "[A]lthough [Whatley's] petition is authorized by § 2241, it is also governed by § 2254 because [Whatley] is 'in custody pursuant to the judgment of a State court.' 28 U.S.C. § 2254(a)." *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003), *cert. denied*, 541 U.S. 1032, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (a § 2241 habeas petition filed by a prisoner in custody pursuant to the judgment of a state court is subject to the procedural restrictions contained in § 2254). In coming to this conclusion, the Eleventh Circuit determined that "the writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes. *See* 28 U.S.C. § 2241(a) ('Writs of habeas corpus may be granted....'); 28 U.S.C. § 2254(a) ('[Federal courts] shall entertain an application for a writ of habeas corpus....'). These identical statutory references to 'the writ of habeas corpus' must be read as referring to the same remedy. *See Sorenson v. Sec'y of the Treasury,* 475 U.S. 851, 860, 106 S.Ct. 1600, 1606, 89 L.Ed.2d 855 (1986)." *Medberry*, 351 F.3d at 1059. Thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition [regardless of style] is subject to § 2254." *Id*. at 1062.

> Our reading of §§ 2241 and 2254 as governing a single post-conviction remedy, with the § 2254 requirements applying to petitions brought by a state prisoner in custody pursuant to the judgment of a State court, gives meaning to § 2254 without rendering § 2241(c)(3) superfluous. ... To read §§ 2241 and 2254 other than as we do would effectively render § 2254 meaningless because state prisoners could bypass its requirements by proceeding under § 2241.
>
> If § 2254 [and its bars on successive and untimely petitions] were not [also] a restriction on § 2241's authority to grant the writ of habeas corpus, and were instead a freestanding, alternative post-conviction remedy, then § 2254 would serve no function at all. It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254 restrictions when he could avoid those limitations simply by writing "§ 2241" on his petition for federal post-conviction relief. All of Congress's time and effort in enacting § 2254, amending it in 1966, and further amending it in 1996 with AEDPA would have been a complete waste. Section 2254 would never be used or applied, and all of the thousands of decisions over the past half-century from the Supreme Court and other federal courts interpreting and applying the provisions of § 2254 would have been pointless. Section 2254 would be a great irrelevancy because a state prisoner could simply opt out of its operation by choosing a different label for his petition.

*Id.* at 1060-1061.

In this § 2241 habeas petition, Whatley attacks the validity of a murder conviction imposed upon him by the Circuit Court of Lee County, Alabama. He is presently in custody pursuant to this conviction. "Section § 2254 is triggered where a prisoner is 'in custody pursuant to the judgment of a State court. [Whatley] is in custody pursuant to the judgment of the [Alabama] court. ***Therefore § 2254 applies to [Whatley's] petition [and] ... [he] cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition***." *Thomas*, 371 F.3d at 787 (emphasis added). In light of the foregoing, the instant petition is subject to § 2254's limitation period.

8

April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v.*

*Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On February 11, 2005, Whatley entered a guilty plea to murder before the Circuit Court of Lee County, Alabama in which he admitted causing the death of John William White with a pistol. The trial court sentenced Whatley on this same date to twenty-five years imprisonment for this conviction. Whatley did not file a direct appeal of his murder conviction. Since Whatley failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his conviction. Thus, by operation of law, the challenged murder conviction became final on March 25, 2005 -- forty-two days after imposition of conviction/sentence as this is the date on which his time to seek direct review expired. Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days of the date of entry of the appealed judgment); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea], when the time for filing a direct appeal expired."). The one-

year period of limitation contained in section 2244(d)(1)(A) therefore began to run on March 26, 2005.[6]

   **1. <u>Statutory Tolling of the Limitation Period</u>**.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  The court finds that the limitation period ran for 255 days after Whatley's murder conviction became final until his filing of a Rule 32 petition in the Circuit Court of Lee County, Alabama on December 6, 2005.[7]  The trial court issued an order dismissing the Rule 32 petition on March 13, 2006 and this order was placed on the docket on March 14, 2006.  Whatley appealed the trial court's decision and the Alabama Court of Criminal Appeals affirmed the denial of the Rule 32 petition in a memorandum opinion issued on December 1, 2006.  *Respondents' Exhibit D - Doc. No. 11-4*.  Whatley did not further appeal this decision and the Alabama

---

   [6] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]"  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

   [7] Whatley certified that he placed the Rule 32 petition in the prison mail system on December 6, 2005.  *Respondents' Exhibit A - Doc. No. 11-1* at 20.  A pro se inmate's petition is deemed filed in federal cases the date the petition is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988).  "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  Thus, December 6, 2005 is the appropriate date of filing for Whatley's Rule 32 petition.

Court of Criminal Appeals therefore issued the certificate of judgment on December 20, 2006. *Respondents' Exhibit E - Doc. No. 11-5.*

The record demonstrates that in December of 2010 Whatley filed a second state post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure. However, this action did not toll the one-year period of limitation relevant to this federal habeas action as it was filed after the limitation period had expired. *Webster*, 199 F.3d at 1259 (state court petition filed after expiration of the one-year period of limitation does not toll that period as no period remains to be tolled); *Moore*, 321 F.3d at 1381 (state post-conviction petition filed after the limitation period has expired does not serve to toll such period). In light of the foregoing, the court concludes that the tolling provision set forth in 28 § 2244(d)(2) is unavailing with respect to the second Rule 32 petition filed by Whatley. Thus, as of issuance of the certificate of judgment on the first Rule 32 petition on December 20, 2006, Whatley had 110 days remaining within which to timely file claims in a federal habeas petition. The federal limitation period therefore began to run again on December 21, 2006, and, absent equitable tolling, the time allowed Whatley for filing a federal habeas petition expired on April 9, 2007.

**2. Equitable Tolling.** Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.

1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Whatley argues that he is entitled to equitable tolling due to actions of trial counsel during proceedings which resulted in his entry of a guilty plea. Specifically, Whatley argues that counsel failed to seek dismissal of the charge against him, did not advise him of the true nature of the sentence offered in the plea recommendation, failed to file

13

appropriate pre-trial motions and coerced him to plead guilty by advising that he faced the possibility of a life sentence if convicted at trial. However, it is clear that the actions of trial counsel about which Whatley complains in no way adversely affected Whatley's ability to file a federal habeas petition prior to expiration of the one-year period of limitation. Consequently, the actions of trial counsel referenced by Whatley do not constitute extraordinary circumstances which prevented the timely filing of a federal habeas petition.

In addition to a complete lack of proof regarding the existence of extraordinary circumstances necessary to secure equitable tolling, Whatley likewise fails to demonstrate he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period. Whatley, while acting *pro se*, filed a Rule 32 petition and litigated this action before the trial court and the Alabama Court of Criminal Appeals. After completion of this post-conviction action and with time remaining on the federal period of limitation, Whatley did not pursue his claims before this court. The court therefore concludes that Whatley failed to act with reasonable diligence in pursuing federal habeas relief as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565.

The record is devoid of evidence that Whatley's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of reasonable diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Under the circumstances of this case, the court "cannot say that

14


[Whatley] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Thus, Whatley is not entitled to equitable tolling of the limitation period. *Bryant v. Arizona*, 499 F.3d 1056, 1061 (9th Cir. 2007); *Diaz v. Secretary for Dept. Of Corrections*, 362 F.3d 698, 701 (11th Cir. 2004).

    **3. The "Savings Clause" Argument**. Whatley asserts that this court should allow him to challenge his conviction under the "savings clause of 28 U.S.C.§ 2254 [via] the portal of § 2241." *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 1. Initially, the court notes that the "savings clause" is not contained within 28 U.S.C.§ 2254; rather, it is set forth in 28 U.S.C.§ 2255(e) and provides that an application for habeas relief, including relief under 28 U.S.C. § 2241, "in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." By its express terms, the "savings clause" applies only to prisoners authorized to seek relief under 28 U.S.C. § 2255 - prisoners incarcerated pursuant to the sentence of a federal court. *See* 28 U.S. C. § 2255(a); *see also Bryant v. Warden, FCC Coleman*, 738 F.3d 1253, 1262 (11th

Cir. 2013). Thus, the "savings clause" provides no avenue of relief for Whatley, as he is incarcerated on a sentence imposed by a state court.

Additionally, even when relief is sought by a federal prisoner, the "savings clause" does not allow the prisoner to proceed under 28 U.S.C. § 2241 merely because his § 2255 motion is precluded by the stringent gatekeeping requirements barring successive and untimely motions contained in the AEDPA. *Bryant*, 738 F.3d at 1272 ("[S]imply because a defendant faces a procedural bar in his first § 2255 motion—such as a limitations period or procedural default—this ... does not render the first § 2255 motion inadequate or ineffective. Otherwise, a defendant could sit on his ... claim at trial and direct appeal, have it procedurally barred in a first § 2255 motion, but much later raise it in a § 2241 petition through the § 2255(e) portal."). To show that the remedy afforded by § 2255 is "inadequate or ineffective" so as to permit review of his claims in a § 2241 petition, the inmate must establish that: (1) Throughout all prior proceedings, i.e., sentencing, direct appeal and the prior § 2255 proceeding, binding federal precedent had specifically addressed the claim for relief and had squarely foreclosed the claim; (2) Subsequent to his first § 2255 proceeding, a decision of the United States Supreme Court overturned the prior binding precedent which had previously squarely foreclosed the claim; (3) The new rule announced by the United States Supreme Court had been determined to apply retroactively on collateral review; and (4) As a result of the new rule being made retroactive by the United States Supreme Court, the inmate's claim entitles him to relief. *Id*. at 1274. None of these

requirements are present in this case.

In light of the foregoing, Whatley cannot use the "savings clause" to escape the applicable limitations period.

**4. Expiration of the Limitation Period**. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on April 9, 2007. Whatley filed the instant petition for federal habeas relief on June 29, 2011, over four years after expiration of the federal limitation period. Whatley has failed to demonstrate that this petition should not be dismissed as untimely filed. Thus, the court concludes that the instant petition for habeas corpus relief is due to be denied as Whatley filed the petition after expiration of the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus filed by Travis Whatley on June 29, 2011 be DENIED as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before March 11, 2014, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 25th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE